IN THE CIRCUIT COURT OF THE
13TH JUDICIAL CIRCUIT HILLSBOROUGH COUNTY,
STATE OF FLORIDA

NADIA ZAGHLOUL,

            **Plaintiff,**

-vs-                                              Case No.
                                                  HON.

FAIR COLLECTIONS AND OUTSOURCING,

            **Defendant.**
_____/

LAW OFFICES OF BRIAN P. PARKER, P.C.
BRIAN P. PARKER (0980668)
Attorney for Plaintiff
30700 Telegraph Rd., Suite 1580
Bingham Farms, MI 48025
(248) 642-6268
(248) 642-8875 (FAX)
lemonlaw@ameritech.net
WWW.COLLECTIONSTOPPER.COM
_____/

## COMPLAINT AND DEMAND FOR JURY

Plaintiff, **NADIA ZAGHLOUL,** by and through counsel, brings this action against the above listed Defendant, **FAIR COLLECTIONS AND OUTSOURCING,** (Defendant) on the grounds and in the amounts set forth herein:

### I. PRELIMINARY STATEMENT

The plaintiff brings this action for damages based upon the Defendant's violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq,* and seeks actual damages, punitive damages, costs and attorney's fees.

## II. PARTIES

1.

The plaintiff is a natural person and consumer, a resident of Tampa, Hillsborough County, Florida, and a "consumer" as defined by 15 U.S.C. § 1692a(3).

2.

The defendant is a Debt Collector with its registered agent located in the State of Michigan with the actions in this case taking place at Plaintiff's home location in Hillsborough County.

3.

The defendant is engaged in the collection of debts from consumers using the mail and telephone. The defendants regularly attempt to collect consumer debts alleged to be due another and is a "debt collector" as provided in 15 U.S.C. § 1692a(6).

## III. JURISDICTION AND VENUE

4.

This court has subject matter jurisdiction over this Complaint pursuant to FDCPA, 15 U.S.C. § 1692 *et seq*. The venue is proper in any court of competent jurisdiction under 15 U.S.C. § 1692k(d).

## IV. STATUTORY STRUCTURE

## FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

5.

The FDCPA was passed to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers

against debt collection abuse. 15 U.S.C. § 1692.

6.

Under the FDCPA, a "consumer" is any natural person obligated or allegedly obligated to pay any debt. 15 U.S.C. §1692a(3).

7.

Under the FDCPA, "debt" means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes. 15 U.S.C. § 1692a(5).

8.

Under the FDCPA, a "debt collector" is any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose for which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another. 15 U.S.C. § 1692a(6).

9.

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. 15 U.S.C. § 1692e.

10.

A debt collector may not violate the FDCPA, 15 U.S.C. § 1692f by using unfair or unconscionable means to collect or attempt to collect any debt.

11.

Any debt collector who fails to comply with the provisions of the FDCPA is liable for any actual damages sustained, statutory damages up to $1,000.00, attorneys' fees as determined by the Court and costs of this action. 15 U.S.C. § 1692k.

12.

The Florida Consumer Collection Practices Act (FCCPA), 559.55 et seq. is an act to regulate the collection practices of certain persons; to provide for the powers and duties of certain state agencies; and to provide penalties and civil fines.

13.

A "Debt Collector" means any person who uses any instrumentality of commerce within this state, whether initiated from within or outside this state, in any business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. The term "debt collector" includes any creditor who, in the process of collecting her or his own debts, uses any name other than her or his own which would indicate that a third person is collecting or attempting to collect such debts. Florida Statutes, Sections 559.55 (6).

14.

"Debtor" or "consumer" means any natural person obligated or allegedly obligated to pay any debt. Florida Statutes, Sections 559.55 (2).

15.

"Debt" or "consumer debt" means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment. Florida Statutes, Sections 559.55 (1).

16.

Prohibited acts by debt collectors or collection agencies under Florida Statutes, Sections 559.72, include:

(3) Tell a debtor who disputes a consumer debt that she or he or any person employing her or him will disclose to another, orally or in writing, directly or indirectly, information affecting the debtor's reputation for credit worthiness without also informing the debtor that the existence of the dispute will also be disclosed as required by subsection (6);

(6) Disclose information concerning the existence of a debt known to be reasonably disputed by the debtor without disclosing that fact.

(7) Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family;

(8) Use profane, obscene, vulgar, or willfully abusive language in communicating with the debtor or any member of her or his family;

(9) Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate or assert the existence of some other legal right when such person knows that the

right does not exist;

(10) Use a communication which simulates in any manner legal or judicial process or which gives the appearance of being authorized, issued or approved by a government, governmental agency, or attorney at law, when it is not; and

(15) Refuse to provide adequate identification of herself or himself or her or his employer or other entity whom she or he represents when requested to do so by a debtor from whom she or he is collecting or attempting to collect a consumer debt.

17.

Under Florida Consumer Collection Practices Act, 559.77 et seq.(1 and 2) A person who suffers injury, loss, or damage, or from whom money was collected by the use of a method, act, or practice in violation of this act may bring an action for actual damages and for additional statutory damages of up to $1,000, together with court costs and reasonable attorney's fees incurred by the plaintiff. In an action brought pursuant to subsection (1and 2), in determining the defendant's liability for any additional statutory damages, the court shall consider the nature of the defendant's noncompliance with 559.72, the frequency and persistence of such noncompliance, and the extent to which such noncompliance was intentional.

## V. FACTUAL ALLEGATIONS

18.

Plaintiff is receiving numerous phone calls from Defendant representatives in regards to the collection of an alleged debt.

19.

Plaintiff does not even owe the alleged debt that Defendant is continuing to call him about.

20.

Plaintiff has repeatedly asked Defendant to stop calling him over this debt that he does not even owe, however Defendant continues to call Plaintiff numerous times.

21.

The phone number that Defendant repeatedly calls Plaintiff from is 240-374-4515. Defendant alleges that Plaintiff owes about $340.00 to Sawyer Realty Holdings.

22.

Even after Plaintiff told Defendant that he does not owe the alleged debt, Defendant orally threatened Plaintiff's credit in conversations that they had with Plaintiff.

23.

Defendant calls Plaintiff numerous times in a given month, even after Plaintiff told Defendant that he does not owe the alleged debt and after Plaintiff asked Defendant to stop calling him. Defendant has called Plaintiff at least twenty five times in one month. **Please see attached Exhibit No. 1.**

24.

Defendant even calls Plaintiff's workplace, even after Plaintiff asked Defendant to stop calling him there. **Please see attached Exhibit No. 1.**

25.

Defendant has threatened to take away Plaintiff's home and his assets if he does not pay this alleged debt. **Please see attached Exhibit No. 1.**

26.

Defendant has been rude and abusive in conversations with Plaintiff. In some conversations, Defendant yelled at Plaintiff in an attempt to collect on this alleged debt.

27.

Defendant has failed to state that they are a debt collector attempting to collect a debt in some conversations with Plaintiff, in violation of the FDCPA.

28.

Defendant has also failed to state their company name in some conversations with Plaintiff, as required by the FDCPA.

29.

Defendant even called Plaintiff's mother twice and told her that Plaintiff owes this alleged debt. **Please see attached Exhibit No. 1.**

30.

As a result of Defendant's wrongful conduct, Plaintiff has suffered statutory, actual, emotional and financial damages and also seeks his attorney fees and costs under the FDCPA and FCCPA. **Please see attached Exhibit No. 2.**

## VI. CAUSES OF ACTION

## CLAIM AGAINST DEFENDANT UNDER THE FDCPA

31.

The defendant has violated the FDCPA, 15 U.S.C. § 1692e (10) by the use of false representations and deceptive means in pursuing Plaintiff. **Please see Paragraphs 20, 22, 23, 24, 25, 27, 28, and 29.**

32.

Defendant has violated the FDCPA, 15 U.S.C. § 1692d by engaging in any conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt. **Please see Paragraphs 18, 20, 22, 23, 24, 25, 26, and 29.**

33.

Defendant has violated the FDCPA, 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount or legal status of any debt. **Please see Paragraphs 19, 20, 22, and 25.**

34.

Defendant has violated the FDCPA, 15 U.S.C. § 1692f by using unfair or unconscionable means to collect or attempt to collect any debt. **Please see Paragraphs 18, 20, 22, 23, 24, 25, 26, and 29.**

35.

Defendant has violated the FDCPA, 15 U.S.C. § 1692d(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse or harass any person at the called number. **Please see Paragraphs 18, 20, 23, 24**

**and 25.**

36.

Defendant has violated the FDCPA, 15 U.S.C. § 1692d(2) by using obscene or profane language the natural consequence of which is to abuse the hearer. **Please see Paragraphs 22, 25 and 26.**

37.

Defendant has violated the FDCPA, 15 U.S.C. § 1692e(8) by threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed. **Please see Paragraphs 22 and 29.**

38.

Defendant has violated the FDCPA, 15 U.S.C. § 1692f(1) by collecting any amount unless such amount is expressly authorized by the agreement creating the debt or permitted by law. **Please see Paragraphs 19 and 20.**

39.

Defendant has violated the FDCPA, 15 U.S.C. § 1692b(1) by communicating with any person other than the consumer and not identifying himself and not stating that he is confirming or correcting location information concerning the consumer. **Please see Paragraphs 27, 28, and 29.**

40.

Defendant has violated the FDCPA, 15 U.S.C. § 1692b(2) by communicating with any person other than the consumer and stating that such consumer owes a debt. **Please see**

**Paragraph 29.**

41.

Defendant has violated the FDCPA, 15 U.S.C. § 1692b(3) by communicating with any person other than the consumer more than once. **Please see Paragraph 29.**

42.

Defendant has violated the FDCPA, 15 U.S.C. § 1692c(b) by communicating with any person other than the consumer in connection with the collection of any debt. **Please see Paragraph 29.**

43.

Defendant has violated the FDCPA, 15 U.S.C. § 1692c(a)(1) by communicating with a consumer at any unusual time or place known or which should be known to be inconvenient to the consumer. **Please see Paragraphs 24 and 29.**

44.

Defendant has violated the FDCPA, 15 U.S.C. § 1692c(a)(3) by communicating with a consumer at the consumer's place of employment when the debt collector knows or has reason to know that the consumer's employer prohibits the consumer from receiving such communication. **Please see Paragraph 24.**

45.

Defendant has violated the FDCPA, 15 U.S.C. § 1692e(5) by threatening to take any action that cannot legally be taken or that is not intended to be taken. **Please see Paragraph 25.**

46.

Defendant has violated the FDCPA, 15 U.S.C. § 1692e(11) by failing to disclose in the initial oral communication that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose and by failing to disclose in subsequent communications that the communication if from a debt collector. **Please see Paragraph 27.**

47.

Defendant has violated the FDCPA, 15 U.S.C. § 1692d(6) by placing telephone calls without meaningful disclosure of the caller's identity. **Please see Paragraph 27 and 28.**

48.

Defendant has violated the FDCPA, 15 U.S.C. § 1692f(6)(A) by taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if there is no present right to possession of the property. **Please see Paragraph 25.**

49.

Defendant has violated the FDCPA, 15 U.S.C. § 1692f(6)(B) by taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if there is no present intention to take possession of the property. **Please see Paragraph 25.**

50.

As a result of Defendant's wrongful conduct, Plaintiff has suffered statutory, actual, emotional and financial damages and also seeks his attorney fees and costs under the FDCPA.

## CLAIM AGAINST DEFENDANT UNDER THE FCCPA

51.

Defendant has violated 559.72(7) by using a harassing, oppressive or abusive method to collect on a debt. **Please see Paragraphs 18, 20, 22, 23, 24, 25, 26, and 29.**

52.

Defendant has violated 559.72 by (3) telling a debtor who disputes a consumer debt that she or he or any person employing her or him will disclose to another, orally or in writing, directly or indirectly, information affecting the debtor's reputation for credit worthiness without also informing the debtor that the existence of the dispute will also be disclosed as required by subsection (6). **Please see Paragraph 22.**

53.

Defendant has violated 559.72 (6) by disclosing information concerning the existence of a debt known to be reasonably disputed by the debtor without disclosing that fact. **Please see Paragraphs 22 and 29.**

54.

Defendant has violated 559.72 (8) by using profane, obscene, vulgar, or willfully abusive language in communicating with the debtor. **Please see Paragraphs 25 and 26.**

55.

Defendant has violated 559.72 (9) by claiming, attempting or threatening to enforce a debt when such person knows that the debt is not legitimate or assert the existence of some other legal right when such person knows that the right does not exist. **Please see Paragraphs 20, 22,**

**23, 24, 25 and 29.**

56.

Defendant has violated 559.72 (10) by using a communication which simulates in any manner legal or judicial process or which gives the appearance of being authorized, issued or approved by a government, governmental agency, or attorney at law, when it is not. **Please see Paragraph 25.**

57.

Defendant has violated 559.72 (15) by refusing to provide adequate identification of herself or himself or her or his employer or other entity whom she or he represents when requested to do so by a debtor from whom she or he is collecting or attempting to collect a consumer debt. **Please see Paragraphs 27 and 28.**

58.

Upon adverse adjudication, the Defendant shall be liable for actual damages and for additional statutory damages of up to $1,000, together with court costs and reasonable attorney's fees incurred by the plaintiff. In determining the defendant's liability for any additional statutory damages, the court shall consider the nature of the defendant's noncompliance with s. 559.72, the frequency and persistence of such noncompliance, and the extent to which such noncompliance was intentional.

59.

As a result of Defendant's wrongful conduct, Plaintiff has suffered statutory, actual, emotional and financial damages and also seeks his attorney fees and costs under the FCCPA.

60.

As a result of the actions of Defendant, Plaintiff hired the undersigned counsel. Counsel has been an attorney in good standing for almost 13 years and has handled thousands of consumer cases, personally. Counsel is known in his field of a consumer advocate and a competent, experienced consumer trial attorney. As a result, counsel's time is billed at the reasonable rate of $350.00 an hour.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court grants the following relief against the Defendant:

1. For compensatory damages;
2. For statutory ane emotional damages under the FDCPA;
3. For punitive damages;
4. For $1,000 and actual damages under 559.72;
5. For attorneys' fees and costs incurred in this action under the FDCPA and FCCPA;
6. For Damages under the FCCPA, and
7. For such other and further relief as the Court may deem just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a Trial by Jury on all issues.

This 12th day of December, 2008.

Respectfully submitted,

_____
BRIAN P. PARKER (0980668)
Attorney for Plaintiff

## AFFIDAVIT OF NADIA ZAGHLOUL

STATE OF FLORIDA      )

**COUNTY OF HILLSBOROUGH** )

NADIA ZAGHLOUL being first duly sworn, deposes and says that she is of suitable age and discretion to testify in a Court of law and that she makes this Affidavit based upon personal knowledge and, if called upon to testify, would testify as follows:

1. FAIR COLLECTIONS & OUTSOURCING, INC. is calling me and harassing me in regards to the collection of an alleged debt.

2. I have told FAIR COLLECTIONS & OUTSOURCING, INC. that I disputed the alleged debt and they have continued to call me after I have told them that I disputed the debt.

3. FAIR COLLECTIONS & OUTSOURCING, INC. has threatened my credit in regards to the collection of the alleged debt.

4. FAIR COLLECTIONS & OUTSOURCING, INC. has contacted me at least 25 times or more in a given month in regards to the collection of the alleged debt.

5. FAIR COLLECTIONS & OUTSOURCING, INC. has contacted me at my home after I have asked them to stop calling me.

6. FAIR COLLECTIONS & OUTSOURCING, INC. has contacted me at my workplace after I have told them that it was my workplace and to stop calling me.

7. FAIR COLLECTIONS & OUTSOURCING, INC. has threatened to take away my home and my assets in regards to the collection of the alleged debt.

8. FAIR COLLECTIONS & OUTSOURCING, INC. has been rude to me by yelling at me in telephone conversations.

9. In conversations with FAIR COLLECTIONS & OUTSOURCING, INC., they have failed to state they are in an attempt to collect a debt.

10. In conversations with FAIR COLLECTIONS & OUTSOURCING, INC., they have failed to state their company name.

11. FAIR COLLECTIONS & OUTSOURCING, INC. has told my personal business to my mother by telling her that I owe the alleged debt.

Further, Deponent sayeth not.

_____
Nadia Zaghloul

LAURA M. FERGUSON
Notary Public - State of Florida
My Commission Expires Oct 5, 2010
Commission # DD 602643
Bonded Through National Notary Assn.

Subscribed and sworn to before me
this _____ day of Dec , 2008.

_____
Notary Public

## Debt Collection Damages

"Damages" are an element of your case that must be established This sheet is meant to assist us in assessing what is known as "actual damages." Please be honest in your answers. If you are being abused by debt collectors, the law presumes you have been damaged in some way and you will recover for those damages. However, these answers will affect additional damages.

*Do you feel you suffer from any of the following due to, or made worse by, the actions of abusive debt collection activities?*

| Symptom | Response |
|---|---|
| Sleeplessness | **Yes** No |
| Fear of answering the telephone | **Yes** No |
| Nervousness | **Yes** No |
| Fear of answering the door | Yes **No** |
| Embarrassment when talking to or seeing friends or family | **Yes** No |
| Depression (sad, anxious, or "empty" moods) | **Yes** No |
| Chest Pain | **Yes** No |
| Feelings of hopelessness, pessimism | **Yes** No |
| Feelings of guilt, worthlessness, helplessness — I didn't do anything wrong | Yes **No** |
| Appetite and/or weight loss or overeating and weight gain | **Yes** No |
| Thoughts of death or suicide; suicide attempts | Yes **No** |
| Restlessness, irritability | **Yes** No |
| Other physical symptoms headaches, digestive disorders, and chronic pain | Yes **No** |
| Negative impact on my job | **Yes** No — I have not been getting as much work |
| Negative impact on my relationship | Yes **No** |

Other physical or emotional symptoms that you feel are associated with abusive debt collections:

I only left a 27 in Television in the apartment I thought someone might want it

I swear, under the penalty of perjury, that the above is true:

Nadia Zaghloul
**Print Name Above**

_[signature]_
**Sign Name Above**

LAURA M. FERGUSON
Notary Public - State of Florida
My Commission Expires Oct 5, 2010
Commission # DD 602843
Bonded Through National Notary Assn.

Subscribed and sworn to before me this 11th day of Dec, 2008.

_[signature]_
Notary Public

M:\data\FORMS\DAMAGES.FORM.IIIIIIII.wpd