UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NADIA ZACHLOUL
         Plaintiff,

v.                                       CASE NO.: 8:09-CV-128-T-27MAP

FAIR DEBT COLLECTIONS AND
OUTSOURCING,

         Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, a consumer who settled her claims against the Defendant debt collector for alleged violations of the Fair Debt Collection Practices Act ("FDCPA") and the Florida Consumer Collection Practices Act, moves for attorney's fees and costs. *See* motion (doc. 24), response (doc. 26), reply (doc. 34). The district judge referred this matter to me for report and recommendation. *See* doc. 25. After consideration, I recommend that the Plaintiff be awarded attorney's fees in the amount of $8,204.00 and costs in the amount of $716.00.[1]

*Discussion*

The starting point in fashioning an award of attorney's fees is to multiply the number of hours reasonably expended by a reasonable hourly rate. This "lodestar" may then be adjusted for the results obtained. *Duckworth v. Whisenant*, 97 F.3d 1393, 1396 (11th Cir. 1996); *Norman v. Housing Authority of City of Montgomery*, 836 F.2d 1292-1303 (11th Cir. 1988). *See also Moton v. Nathan & Nathan, P.C.*, 297 Fed.Appx 930 (11th Cir. 2008) (holding that district court

---

[1] By her motion (as amended by her reply memorandum), Plaintiff sought $16,670.00 in attorney's fees and costs.

should use lodestar method when awarding attorney's fees under FDCPA statute).

Although the "lodestar" method effectively replaced the *Johnson* balancing test previously employed in the Eleventh Circuit, courts still consider the twelve factors leftover from the balancing test in determining the lodestar amount. *See James v. Wash Depot Holdings, Inc.,* 489 F.Supp2d 1341 (S.D. Fla. 2007) citing *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974).[2] The *Johnson* factors are: time and labor required, the novelty and difficulty of the questions, the skill requisite to perform the legal service properly, the preclusion of other employment by the attorney due to acceptance of the case, the customary fee, whether the fee is fixed or contingent, time limitations imposed by the client or the circumstances, the amount involved and the results obtained, the experience, reputation, and ability of the attorney, the undesirability of the case, the nature and length of the professional relationship with the client, and awards in similar cases. *Johnson*, 488 F.2d at 717-719.

The party who applies for attorney's fees is responsible for submitting satisfactory evidence to establish both that the requested rate is in accordance with the prevailing market rate and that the hours are reasonable. *See Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983) (if an applicant's documentation with respect to hours "is inadequate, the district court may reduce the award accordingly"); *Duckworth, supra,* 97 F.3d at 1396; *Norman, supra,* 83 F.3d at 1299, 1303 (with respect to rates, an applicant may meet this burden by producing either direct evidence of rates charged under similar circumstances, or opinion evidence of reasonable rates). In addition, the court may use its own expertise and judgment to make an appropriate independent

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as precedent the decisions the former Fifth Circuit rendered prior to October 1, 1981.

assessment of the value of an attorney's services. *Norman,* at 1303.

      *a. reasonable hourly rate*

The first step in the computation of the lodestar is determining the reasonable hourly rate. The Defendant challenges the hourly rate for Plaintiff's attorney, Brian P. Parker, $300.00. Defendant asserts that this rate is higher than the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation. Hence, this Court will assess the reasonableness of the hourly rate for this type of litigation, and reduce the award if appropriate.

Defendant offers an affidavit of attorney Barbara Sinsley and a court order from the Orlando division of this court as proof that $250/hour is a reasonable market rate for this type of litigation. *See* Sinsley affidavit, doc. 26-1, *Fulford v. NCO Financial Systems, Inc.,* 2008 WL 2952859 (M.D. Fla. 2008) (finding $250.00 a reasonable rate for an attorney who had practiced for ten years). Plaintiff's attorney Parker has practiced extensively in the area of consumer law for over sixteen years, handled thousands of consumer claims, became licensed by the Florida bar in 1993, lectured on warranty and consumer protection lawsuits, attended Fair Credit Reporting Act seminars regularly, and attests that his usual hourly rate in consumer cases is $350.00 per hour. *See* Parker affidavit, doc. 24-2. Parker filed an affidavit of attorney Matthew Kiverts, who, like Parker, represents consumers and attests that Parker's hourly rates are commensurate with his skill, training, and experience and in accord to the prevailing rates charged for this type of consumer litigation in this district. *See* Kiverts affidavit, doc. 35.

In *Selby v. Christian Nicholas & Assoc., Inc.,* the Jacksonville division of this Court recently discussed the relevant hourly rate in the Middle District of Florida for a routine FDCPA

action, and found that $200.00 was a reasonable hourly rate all four of Plaintiff's attorneys.[3] *Selby*, 2010 WL 745748 (M.D. Fla. Feb. 26, 2010). However, other judges within this district as well as a Southern District of Florida judge have recently opined that $300.00 per hour, or more, is a reasonable rate for attorneys with like experience in similar cases. *See Stone v. National Enterprise Systems*, 2009 WL 3336073, *5 (M.D. Fla. October 15, 2009) (reducing hourly rate to $300 in FDCPA case for attorney practicing for seven to eight years); *Rodriguez v. Florida First Financial Group, Inc.*, 2009 WL 535980, *8 (M.D. Fla. March 3, 2009) (concluding $350 hourly rate appropriate in FDCPA case that involved an evidentiary hearing and a particularly difficult defendant); *Valencia v. Affiliated Group, Inc.*, 2009 WL 4893113, (S.D. Fla. September 21, 2009) (finding attorney who had practiced for ten years rate of $350 excessive for FDCPA case and reducing to $300 per hour). In comparing Parker's skill and expertise with the prevailing market rate for lawyers similar to Parker having similar cases and issues, I find Parker's rate is not excessive, and that the prevailing hourly market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation is $300.00, as requested.

   b. *reasonable hours billed*

---

[3] The attorneys in *Selby* requested fees ranging from $125 per hour to $394 per hour. Interestingly, these attorneys had filed a declaration of Matthew Kiverts, the same attorney who filed a declaration in this case. Noting that the Plaintiff's attorneys hailed from Chicago, Illinois and Los Angeles, California, the *Selby* court stated that the "relevant market" for purposes of determining the reasonable hourly rate is the place where the case is filed. *Selby*, at *5 citing *ACLU of Ga. v. Barnes*, 168 F.3d 423, 437 (11th Cir. 1999). In this case, the Plaintiff's attorney, from Michigan, filed the Laffey Matrix from the District of Columbia and an order regarding fees and costs from the Eastern District of Michigan as proof of the reasonableness of his hourly rate. *See* docs. 24-5, 24-6. Following *Barnes,* I find this evidence irrelevant to my determination of reasonableness here in the Middle District of Florida.

Moving to the next step in the lodestar analysis, I will determine what hours were reasonably expended on the litigation. The determination of reasonableness lies in the sound discretion of the trial court, and in calculating, the court should exclude excessive, unnecessary, and redundant hours, and also time spent litigating discrete and unsuccessful claims. *Hensley, supra,* 461 U.S. at 434; *Norman, supra,* 836 F.2d at 1301; *Duckworth, supra,* 97 F.3d at 1397. Fee applicants are required to exercise "billing judgment" and exclude these hours from their fee application. *ACLU of Ga. v. Barnes*, 168 F.3d 423 (11th Cir. 1999). "If the fee applications do not exercise billing judgment, courts are obligated to do it for them, to cut the amount of hours for which payment is sought, pruning out those that are 'excessive, redundant, or otherwise unnecessary." *Id.*

Defendant objects to the reasonableness of Plaintiff's hours worked on several grounds. First, Defendant asserts the time sheet utilizes "block billing," lumping together multiple activities in a single entry with no indication how much time was spent on each task. As Defendant notes, block billing makes judicial review unnecessarily difficult and warrants reduction of the number of hours claimed in the attorneys' fee motion. Attorneys should "maintain billing time records in a manner that will enable a reviewing court to identify distinct claims," and when they include multiple tasks in a single time entry, it is difficult for the court to determine the amount of time spent on particular tasks. *Hensley*, 461 U.S. at 437. However, the mere fact that an attorney includes more than one task in a single billing entry is not, in itself, evidence of block-billing.

Defendant also objects to billing for purely clerical work, such as contacting court reporters, and mailing, filing, and delivering documents, and that the billing records contain too

many abbreviations, making them indecipherable. Finally, the Defendant asserts that five hours of time spent commuting from Gainesville to Tampa for the mediation conference is not compensable. *See Danow v. Law Offices of David E. Borback, P.A.*, case no. 05-61562 (S.D. Fla. 2009) (travel time not compensable). The Defendant also argues that the 12.5 hours preparing the motion for attorney's fees is not compensable.[4]

"When a district court finds the number of hours claimed is unreasonably high, the court has two choices: it may conduct an hour-by-hour analysis or it may reduce hours with an across-the-board cut." *Bivens v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008). In this case, I find that an hour-by- hour approach is appropriate. Upon review, the following reductions are recommended: December 15, 2008, .5 should be excluded because the work is clerical; February 4, 2009, hours should be reduced from 1.2 to .2 due to block billing including clerical tasks; March 4, 2009, .3 should be excluded because work is clerical; March 5, 2009, .2 should be excluded because work is clerical; April 22, 2009, 1.0 should be excluded because work is

---

[4] Defendant cites to *McMahan v. Toto*, 311 F.3d 1077, 1086 (11th Cir. 2002) as authority for its assertion that fees incurred in litigating the amount of attorney's fees are not recoverable. However, in finding that fees are not recoverable in the context of construing a Florida contingency fee agreement, the *McMahan* case contrasts the contingency fee agreement that inures solely to the attorney's benefit to the federal court practice of allowing recovery of attorney's fees for litigating both entitlement and amount issues. In fact, the *McMahan* court noted that the "purpose underlying most federal statutory fee authorizations . . . is 'to encourage attorneys to represent indigent clients' and allowing recovery for fees and litigating the amount of fees comports with that purpose." *McMahan* quoting *State Farm Fire & Cas. Co. v. Palma*, 629 So. 2d 830, 833 (Fla. 1993). Following *McMahon*, I find that the time spent litigating the attorney's fees is recoverable here. *See also Martin v. University of Alabama,* 911 F.2d 604, 610 (11th Cir. 1990) (time reasonably expended litigating attorney fee issue is fully compensable); *Johnson v. University College of University of Alabama at Birmingham*, 706 F.2d 1205, 1207 (11th Cir. 1983) (finding district court erred in denying plaintiffs' fee for time spent litigating fee question).

clerical; April 27, 2009, .75 should be excluded as vague and unintelligible; June 16, 2009, should be reduced from 1.0 to .8 due to block billing including clerical tasks; June 29, 2009, should be reduced from 1.5 to 1.3 due to block billing including clerical tasks; July 23, 2009, should be reduced from .75 to .5 due to block billing including clerical tasks; July 29, 2009, should be reduced from .5 to .3 due to block billing including clerical tasks; November 6, 2009, .3 should be excluded because work is clerical; November 20, 2009, 1.0 should be excluded because work is clerical; November 25, 2009, should be reduced from 1.0 to .2 because excessive time billed to draft response; November 30, 2009, .5 should be excluded because already billed for this task on November 25, 2009; December 14, 2009, 2.5 should be excluded because already billed 1.0 for preparation for mediation and already billed for preparation of mother's affidavit; December 15, 2009, should be reduced from .3 to .1 due to excessive billing for leaving a voice message and clerical tasks should not be included; December 15, 2009, should be reduced from .5 to .2 due to excessive time to review Pacer filing by mediator regarding impasse and email to client regarding affidavit and calendaring are clerical tasks; December 18, 2009, .2 should be excluded as work is clerical; January 2010 (exact date not specified in motion), exclude 6.0 because no hearing held on petition for fees; exclude additional claim of $980 because reply brief not necessary. *See Norman, supra,* 836 F.2d at 1306 ("fee applicant not entitled to compensation at an attorney's rate simply because an attorney undertook tasks which were mundane, clerical or which did not require the full exercise of an attorney's education and judgment"). As such, I find that a reduction of 18.65 hours is appropriate here. Hence, the total number of hours by Parker is reduced from 52.3 hours to 33.65. The paralegal hours are similarly reduced from 8.7 hours to

8.0.[5] *See Scelta v. Delicatessen Support Serv., Inc.*, 203 F.Supp.2d 1328 (M.D. Fla. 2002) ("[T]he efforts of a paralegal are recoverable only to the extent the paralegal performs work traditionally done by an attorney. Where that is not the case, paralegal work is viewed as falling within the category of unrecoverable overhead expenses."). Thus, the lodestar is $10,255 (33.65 x $300) + $160 (8 x $20).

   *c. calculating the lodestar*

A court may adjust the lodestar in light of the results obtained. *See Hensley*, 461 U.S. at 436 (the most important factor to consider is the result obtained); *Norman, supra*, 836 F.2d at 1302; *Loranger v. Stierhem*, 10 F.3d 776, 781 (11th Cir. 1994) ("The starting point in fashioning an award of attorneys' fees is to multiply the number of hours reasonably expended by a reasonable hourly rate. This "lodestar" may then be adjusted for the results obtained."). The lodestar must be reduced to reflect when a plaintiff's success or victory are limited. *Norman*, 836 F.2d at 1302, *Popham v. City of Kennesaw*, 820 F.2d 1570, 1579-80 (11th Cir. 1987). Fee awards, however, should not simply be proportionate to the results obtained by a plaintiff.

The FDCPA provides for recovery of actual damages, reasonable attorney's fees and "Such additional damages as the court may allow, but not exceeding $1,000 …" 15 U.S.C. 1692k(a)(2)(A). In the complaint, Plaintiff alleged she "suffered statutory, actual, emotional and financial damages and also seeks his [sic] attorney fees and costs under the FDCPA." And, she demanded that "Defendant shall be liable for actual damages and for additional statutory

---

[5] After review, the paralegal's billing records include entries for ordinary office overhead that is not recoverable. Reduction are made for December 15, 2008, reduced from .5 to .2, January 28, 2009, .2 is excluded; and January 30, 2009, .2 is excluded.

damages of up to $1,000 together with court costs and reasonable attorney' fees." *See* Complaint, ¶¶50, 58. Defendant contends that the Plaintiff demanded $10,000 in her Rule 26 disclosures, and Plaintiff does not dispute this fact. Plaintiff acknowledges that her Rule 26 disclosures, served on March 24, 2009, demanded "$1,000 statutory damages and $9,000 in non-statutory for a total of $10,000 plus payment of attorney fees." *See* Rule 26 disclosures, doc. 34-3; *Selby v. Christian Nicholas & Assoc.,* 2010 WL 745748, *3 (M.D. Fla. 2010) (stating that the FDCPA permits an award of actual damages as well as such additional damages as the court may allow, but not exceeding $1,000). Moreover, the Plaintiff explains that the basis for her non-statutory damages demand was eliminating her debt from her credit report– something she ultimately prevailed on because the Defendant agreed to remove the debt from her credit report as part of the settlement.[6] Defendant removed the action to federal court, litigated the case for almost a year, and agreed to settle the Plaintiff's claims after the Plaintiff filed a request for entry of clerk's default (doc. 18) on January 7, 2010.

---

[6] While several courts within this district have recognized that compensation for emotional distress is considered a form of actual damages under the FDCPA, they have declined to award actual damages. *See Rodriguez v. Florida First Financial Group, Inc*., 2009 WL 535980 (M.D. Fla. 2009) (declining award for emotional distress because it did not result in hospitalizations or doctor visits and plaintiff did not miss work or suffer other lasting effects); *Ugarte v. Sunset Const., Inc.*, 2008 WL 4723600 (M.D. Fla. 2008) (finding plaintiff who alleged attempting to commit suicide due to stress of defending FDCPA case not entitled to actual damage award where she presented to competent evidence that her depression worsened due to the litigation even though debt collector admitted violation); *Montgomery v. Florida First Financial Group, Inc.*, 2008 WL 3540374 (M.D.Fla. August 12, 2008) (declining award of actual damages to plaintiff who suffered from temporary loss of appetite, sleeplessness and worry). Judges in this district have consistently declined to recognize punitive damages for FDCPA violations or to exceed the $1,000 limit on additional damages outlined by the statute. *See Lee v. Security Check, LLC,* 2009 WL 2044687 (M.D. Fla. July 10, 2009) citing *Fulford, supra,* 2008 WL 2952859 (M.D. Fla. July 30, 2008); *Laufman v. Phillips & Burnes, Inc.,* 2008 WL 190604 (M.D. Fla. Jan. 22, 2008); *Barker v. Tomlinson*, 2006 WL 1679645 (M.D. Fla. June 7, 2006).

"[T]he relief a plaintiff requested is indeed relevant to determining the extent of that plaintiff's success." *Fulford v. NCO Financial Systems, Inc.*, 2008 WL 2952859, *11 (M.D. Fla. 2008) quoting *Popham v. City of Kennesaw*, 820 F.2d 1570, 1581 (11th Cir. 1987). Here, while she was successful in having the debt eliminated from her credit (thus eliminating the emotional distress) and had to litigate the case for a year before the Defendant agreed to a settlement, the Plaintiff ultimately settled for far less than her March 2009 demand (in the Rule 26 disclosures). *See* rule 26 disclosures, doc. 34-3 and Notice of Settlement, doc. 24, exhibit 3.[7] Considering these circumstances, I find that a 20% reduction to the lodestar is necessary. After the 20% reduction, the lodestar amount, $10,255 should be reduced to $8,204.00. *See Thornton v. Wolpoff & Abramson, LLP*, 312 Fed Appx 161 (11th Cir. 2008) (affirming district court's reduction of lodestar by 85% in light of nominal amount of statutory damages awarded at trial and fact that plaintiff had opportunity to obtain reasonable settlement early in litigation)*; Valencia, supra* 2009 WL 4893113, *9 (reducing fees by 60% to fairly reflect the time and effort that should have gone into the case from its inception through its conclusion); *Fulford, supra,* 2008 WL 2952859, *3 (reducing lodestar by 25% commensurate with the limited results obtained for the plaintiff where plaintiff ultimately obtained relief under an offer of judgment for $1,500.00, but had originally sought actual damages arising from emotional distress and punitive damages in addition to statutory damages).

*Costs*

Plaintiff seeks reimbursement of $716.00 for filing fees and mediation and $127.00 for

---

[7] While the Notice of Settlement indicates the claims were settled "for an undisclosed sum" the Defendant's response and the Plaintiff's reply both state that the case settled for $1,000. *See* doc. 26, p. 2 and doc. 34, pp. 2-3.

copying, mailing and faxing. The FDCPA grants prevailing plaintiffs "the costs of the action." 15 U.S.C. §1692k(a)(3). Defendant objects to an award of costs for copying, mailing, and faxing, asserting that overhead expenses such as these are not recoverable. This district limits costs in FDCPA cases to those allowed under 28 U.S.C. §1920. *See Montgomery v. Florida First Financial Group, Inc.,* 2008 WL 3540374, *15 (M.D. Fla. August 12, 2008) (finding that in absence of authority suggesting otherwise, costs in FDCPA limited to those allowed under 28 U.S.C. §1920). Moreover, upon review, I cannot determine the amount incurred for copying since the Plaintiff asserted only that he incurred $127.00 for copying, mailing, and faxing, and provided no breakdown or documentation itemizing how this lump sum was derived. While copies attributable to discovery, copies of pleadings, correspondence, documents tendered to the opposing party, copies of exhibits, and documents prepared for the Court's consideration are recoverable, costs are not recoverable when the reason for copies, quantity, and identification of the documents copied are unknown. Costs are only taxable if supported by back-up documentation.[8] Hence, I find Plaintiff is entitled to recover costs in the amount of $716.00 for filing fees and mediation.

*Conclusion*

---

[8] This district requires that a prevailing party file a verified bill of costs with the Clerk (such a form is available on this district's website). The bill of costs form states "SPECIAL NOTE: Attach to your bill an itemization and documentation for requested costs in all categories." *See Duckworth v. Whisenant*, 97 F.3d 1393, 1399 (11th Cir. 1996) (holding that costs for general copying, computerized legal research, and postage are "clearly nonrecoverable" under §1920); *Desisto College, Inc. v. Town of Howey-In-The-Hills*, 718 F.Supp. 906, 913 (M.D. Fla. 1989) (concluding it could not award the defendants costs for photocopying since the defendants had not itemized the copies they claimed were necessarily obtained for use in the case and those that were made for the convenience of counsel).

For these reasons, I recommend the Plaintiffs be awarded attorney's fees in the amount of $8,204.00 ($10,255 (33.65 hours for Parker at an hourly rate of $300.00 plus eight hours by the paralegal at an hourly rate of $20.00) reduced by 20%) and costs in the amount of $716.00.

It is so REPORTED at Tampa, Florida on this 19th day of March, 2010.

MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal. 28 U.S.C. § 636(b)(1).